UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amanda L. Walters,

    Plaintiff,

    v.                                                         Case No. 1:14cv481

Commissioner of Social Security                        Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's April 22, 2015 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 21).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 24). The Commissioner filed a Response to the objections. (Doc. 25).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.

Plaintiff submits a general objection to the R&R, arguing that the Magistrate Judge erred in failing to determine that the ALJ decision was not supported by substantial evidence on the record as a whole and was contrary to law.  In support of the objection, Plaintiff reiterates arguments from Plaintiff's Statement of Specific Errors: (1) the ALJ failed to identify the evidentiary basis for the residual functional capacity ("RFC") finding or to cite substantial evidence in support thereof; (2) the ALJ failed to properly evaluate the medical opinion evidence in accordance with 20 CFR §404.1527; (3) the ALJ improperly evaluated Plaintiff's credibility.

### A. RFC

First, Plaintiff argues the Magistrate Judge erred in determining that the ALJ thoroughly evaluated the evidence on record in accordance with the dictates of SSR 12-2p.

The R&R thoroughly details the complex law surrounding a diagnosis of fibromyalgia ("FM"), and as such, only relevant parts are repeated here.  As the Magistrate Judge outlined in her R&R, according to SSR 12-2p, FM is a "complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months."  SSR 12-2p, 2012 WL 31048869 at 2.  Only a licensed physician can provide evidence of a medically determinable impairment ("MDI") of FM, but that alone is insufficient.  *Id.*  To be sufficient, the evidence must "document that the physician reviewed the person's medical history and conducted a physical exam."  *Id.*  The agency will find that a person has an MDI of FM if a physician the diagnosed FM, the diagnosis is not inconsistent with other evidence on the individuals record, and the physician provides the evidence described

under §II.A or §II.B of the Ruling.  *Id.*  In addition, as the Magistrate Judge recognized, under *Rogers v. Comm'r of Soc. Sec.*, which predates SSR 12-2p, "the process of diagnosing fibromyalgia includes (1) the testing of a series of focal points for tenderness and (2) the ruling out of other possible conditions through objective medical and clinical trials."  486 F.3d 234, 244 (6th Cir. 2007).

The first prong of SSR 12-2p §II.A and *Rogers* needs little discussion. As thoroughly evidenced by the record, Plaintiff did not satisfy the trigger point or focal tender point requirements to be diagnosed with a MDI of FM.  (Doc. 21, PAGE ID #1090; Tr. 677, 796-797).

Plaintiff also failed to meet the §II.A, §II.B, and the *Rogers* requirement that other disorders that could cause the signs or co-occuring conditions were ruled out.  (Doc. 21, PAGE ID #1091); SSR 12-2p, §§II.A.3 and II.B.3; *Rogers*, 486 F.3d 234, 244 (6th Cir. 2007).  References to FM by Dr. Stevens, Dr. Vitols, and Dr. Chiappone were made in conjunction with Chronic Fatigue Syndrome ("CFS").  (Doc. 21, PAGE ID #1088; Tr. 54-57, 677, 700, 794-797, 802-807).  As Plaintiff recognizes, FM and CFS are "strikingly similar or even indistinguishable symptom complexes."  (Doc. 19, PAGEID #1051). Thus, Plaintiff failed to offered evidence that CFS was ruled out as another disorder that could be the cause of co-occurring conditions, such as the fatigue, cognitive or memory problems, depression, anxiety, irritable bowel syndrome.

Therefore, in determining Plaintiff's RFC, the ALJ properly excluded consideration of a MDI of FM because Plaintiff did not met the criteria of §II.A and §II.B.  Plaintiff failed to present a FM diagnosis by a specialist, failed to satisfy the trigger or focal point requirement, and failed to present evidence by doctors that other conditions, such as

CFS, with similar or overlapping symptoms were ruled out.

Second, Plaintiff argues that the Magistrate Judge erred in determining the ALJ's failure to characterize FM as a "severe" impairment was harmless.  Plaintiff submits that the symptom complex of FM should have been considered by the ALJ in the RFC determination because of its impact on her ability to work.  Plaintiff explains that the ALJ did not provide any evidentiary basis for the conclusion that an individual with the Plaintiff's same MDI's and complaints may be accommodated or is generally able to perform light work.

Plaintiff's argument is simply not supported by the record. The ALJ gave an exhaustive account of Plaintiff's allegations of pain, fatigue, depression, daily activities, mental and physical impairments and the resulting limitations of each before reaching a decision regarding the Plaintiff's ability to perform light work.  (Tr. 22-30).  Additionally, the symptom complex associated with FM is almost identical to that of CFS, and as such, though not distinguished as FM, the actual symptoms were considered in the RFC determination.

Therefore, the Magistrate Judge was correct in overruling the first assignment of error and in determining the ALJ's RFC finding was supported by substantial evidence. Therefore, Plaintiff's objections on this issue are OVERRULED.

**B.     Medical opinion evidence**

As the Magistrate Judge explained, the Code of Federal Regulations states that the Social Security Office considers the following factors in deciding the weight given to any medical opinion: the examining relationship; the length, frequency, and nature of the treatment relationship; the supportability of the medical opinion given; the consistency of

the medical opinion; the specialization of the medical professional; and other factors brought to their attention by the parties involved. 20 C.F.R. § 404.1527 (c).

Plaintiff obejcts to the weight given to the opinion of Dr. Chiappone, who performed a psychological examination on April 22, 2011. Dr. Chiappone provided a "suggested diagnosis" of major depression and anxiety, as well as a GAF score of 48. (Tr. 807). Dr. Chiappone further took note of Plaintiff's difficulty remembering information, multi-tasking, and maintaining persistence and pace. (Tr. 808). Plaintiff argues the Magistrate Judge erred in determining that the ALJ gave valid reasons, substantially supported by the record, for discounting Dr. Chiappone's opinion.

However, the ALJ noted several facts on the record, inconsistent with Dr. Chiappone's opinion, as evidence of Plaintiff's ability to perform light work, including, Plaintiff's ability to concentrate and participate during the hearing without observable difficulty; Plaintiff's ability to prepare a detailed and typewritten summary of her conditions, treatments, and symptoms; and Plaintiff's ability to conduct internet research, prepare meals, bake, and do household chores. (Tr. 28).

Plaintiff also argues that there were no medical opinions supporting the finding that Plaintiff's symptoms could be accommodated by limiting work to simple tasks. However, Plaintiff does not cite to any authority that such accommodations must be supported by medical opinions. Moreover, the ALJ consulted a vocational expert concerning this issue: "To determine the extent to which these limitations erode the unskilled light occupational base, I asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." (Tr. 32). The expert testified that the individual "would be

able to perform the requirements of representative occupations such as a mail clerk." (Id.) Thus, Plaintiff's argument that there is no evidence supporting the ALJ's attempt at accommodations is unfounded.

The Magistrate Judge properly concluded that the ALJ properly evaluated the medical opinion evidence. Therefore, Plaintiff's objections on this issue are OVERRULED.

### C. Credibility

As thoroughly explained in the R&R, a determination of credibility is governed by SSR 96-7p.

First, Plaintiff argues that the inconsistencies in her testimony regarding "hallucinations" "may be more due to a general reluctance to deal with that subject matter than an intention to deceive for some nefarious purpose." (Doc. 24). SSR 96-7p does not require the Commissioner to determine the intent behind Plaintiff's inconsistent testimony; it requires only that the Commissioner consider Plaintiff's statements in combination with the record as a whole when determining credibility. Regardless of the intention behind the inconsistent statements, on separate occasions Plaintiff claimed either she did not "consistently" have hallucinations or, alternatively, denied having them. (See Tr. 827, 855, 857, 907).

Second, Plaintiff argues that her lack of medical insurance coverage had an effect on her treatment history. Plaintiff specifically argues that it is questionable practice to chastise an individual with mental impairments for failure to seek rehabilitation. Prior to her objection to the R&R, Plaintiff had not addressed, or provided any explanation for, her failure to comply with mental health treatment recommendations. (See Doc. 21,

PAGEID #1102). However, in *McKnight v. Sullivan,* the court affirmed that if, "the claimant cannot afford the prescribed treatment or medicine, and can find no way to obtain it, 'the condition that is disabling in fact continues to be disabling in law.'" 927 F.2d 241, 242 (6th Cir. 1990) (citing *Lovelace v. Bowen*, 813 F.2d 55 (5th Cir. 1987)). However, Plaintiffs' lack of medical insurance does not explain other evidence on the record, including instances where she did not take or fill prescriptions that would have improved her mental state or pain level simply because she did not like the side effects. (Tr. 813, 829).

Finally, Plaintiff argues that it is not clear that the ALJ relied on Plaintiff's daily activities as evidence of her mental capabilities, as opposed to physical. However, as the Magistrate Judge properly concluded in her report, the "ALJ was entitled to rely on plaintiff's ability to perform multi-step tasks to discount allegations regarding her inability to focus and concentrate." (Doc. 21, PAGEID # 1101). The Magistrate Judge cited *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997), where the court found that an ALJ may consider household activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments.

The Court concludes that the Magistrate Judge was correct in determining that the ALJ properly evaluated Plaintiff's credibility under SSR 96-7p and rendered a decision supported by substantial evidence on the record. Therefore, Plaintiff's objections on this issue are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's April 22, 2015 R&R. (Doc. 21). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the docket of this

Court.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　*/s/ Michael R. Barrett*
　　　　　　　　　　　　　　　　　　Michael R. Barrett, Judge
　　　　　　　　　　　　　　　　　　United States District Court