UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMANDA L. WALTERS,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:14-cv-481
Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1). (Doc. 37). The Commissioner does not oppose plaintiff's request for fees. (Doc. 38).

Following the District Court's reversal and remand of this case pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 35), the Commissioner awarded plaintiff disability benefits. (*See* Notice of Award, Doc. 37-3). Acting pursuant to § 406(b)(1)(A), the Commissioner withheld 25 percent of past due benefits, or $40,540.75, as potential fees to be awarded to plaintiff's counsel, Mark Naegel, who represented plaintiff at both the administrative hearing level and on appeal before this Court. (*See* Doc. 37-2, Doc. 37-3 at 3). The Commissioner notified plaintiff that counsel could charge no more than $6,000.00 under the parties' fee agreement for work performed at the administrative level and that the agency would continue to withhold the remaining balance of $34,540.75 for work counsel performed before the federal court. (Doc. 37-3 at 3). From that amount, plaintiff's counsel seeks an award of $20,540.75 in attorney fees under § 406(b)(1) for 131 hours of work performed before this Court and the United States Court of Appeals for the Sixth Circuit.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of HHS*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration (SSA)). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Id.* at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for non-contingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or due to minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 420, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits

awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* at 981. "[A] hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422.

Here, the fee of $20,540.75 requested by plaintiff falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff asserts the requested fee is reasonable given her attorney's background and experience, the contingency fee agreement, and counsel's success in achieving a favorable result on remand before the Commissioner. (Doc. 37). Plaintiff has submitted counsel's statement in which counsel asserts he has represented social security claimants since 1980 both during the administrative claims process and in appeals to the federal district and appellate courts. (Doc. 37-6). Plaintiff has also submitted a copy of the contingency fee agreement she entered into with counsel under which she agreed to pay counsel a contingency fee of 25 percent of past due benefits. (Doc. 37-4). In addition, plaintiff has attached itemized billing sheets demonstrating that her attorney performed a total of 131 hours of work on the case in the District Court and on

3

appeal to the Sixth Circuit Court of Appeals. (Doc. 37-6). Plaintiff requests that the Court award a total of $20,540.75 in attorney fees from the 25 percent in past due benefits - $40,540.75 - which the SSA withheld for the payment of such fees. (Doc. 37-3). As stated above, the Commissioner has no objection to the fee request. (Doc. 38).

Dividing the requested fee of $20,540.75 by the 131 hours counsel worked on the case before the federal courts produces a hypothetical hourly rate of $156.80. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422, the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id*. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of Rodriquez's windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

Plaintiff's counsel has not provided his hourly rate for non-contingency fee cases. Although the Court will ordinarily adopt the hourly rate approved by the Court in connection with a fee petition under the EAJA, *see, e.g., Edwards v. Comm'r of Soc. Sec.*, No. 1:08-cv-815, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011), plaintiff did not submit an EAJA fee

4

petition in this case. However, judges in this Court have approved significantly higher effective hourly rates in contemporaneous and comparable disability appeals than the $156.80 hourly rate requested by plaintiff here. *See, e.g., Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *3-4 (S.D. Ohio Feb. 25, 2015) (Report and Recommendation) (Litkovitz, M.J.), *adopted*, 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, J.) (approving effective hourly rate of $700.00); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) (Report and Recommendation) (Kemp, M.J.), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.) (approving effective hourly rate of $750.00); *Metz v. Comm'r, Soc. Sec. Admin.*, No. 3:11-cv-391, 2014 WL 1908512, at *1-2 (S.D. Ohio May 12, 2014) (approving effective hourly rate of $780.25); *Smith v. Comm'r of Soc. Sec.*, No. 2:10-cv-701, 2014 WL 618996, at *2 (S.D. Ohio Feb. 18, 2014) (Report and Recommendation) (Kemp, M.J.), *adopted*, 2014 WL 1046025 (S.D. Ohio Mar. 17, 2014) (Sargus, J.) (approving effective hourly rate of $750.00); *Pickett v. Astrue*, No. 3:10-cv-177, 2012 WL 1806136, at *2 (S.D. Ohio May 17, 2012) (approving effective hourly rate of $709.00).

Considered in the context of the attorney fees awarded in comparable cases, the undersigned finds that the requested fee of $20,540.75 does not exceed the amounts typically awarded in such cases and does not constitute a windfall to plaintiff's counsel.[1] The Court's reasoning in *Pickett v. Astrue*, No. 3:10-cv-177, 2012 WL 1806136 (S.D. Ohio May 17, 2012) is instructive in this regard:

> Such a high hypothetical hourly rate arguably falls within the range of what may be perceived as a "windfall." However, the Court notes that Plaintiff's counsel's work on behalf of Plaintiff resulted in a significant, though not inordinate, award of past-due benefits. Further, Plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel undertook and assumed the risk of non-payment, which is the nature of contingency fee agreements. In addition, there is

---

[1] This is true even if the 28 hours of work counsel devoted to the appeal of this matter are deducted from the total number of hours of work performed, which yields an average hourly rate of $199.42.

5

no suggestion nor even a hint of impropriety regarding the agreement between Plaintiff and Plaintiff's counsel, and, as already noted, Plaintiff's attorney's work proved greatly successful.

*Id.*, at *2.

The Court's analysis in *Pickett* is equally applicable here. Plaintiff's counsel did not unduly delay the resolution of this matter, and he achieved an excellent result in this case by obtaining a favorable disability determination on remand with benefits to be paid commencing October 2009, over seven years prior to the ALJ's decision on remand. Further, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel assumed the risk of non-payment. Having reviewed plaintiff's § 406(b) fee request in light of these considerations, the Court finds that a fee of $20,540.75 is reasonable for the work plaintiff's counsel performed in federal court.

After plaintiff filed the motion for fees under § 406(b)(1), the Court issued an Order to plaintiff's counsel to show cause why any § 406(b) award in this matter should not be reduced by the amount plaintiff likely would have received had counsel filed a fee application under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). (Doc. 39). Counsel filed a response explaining that he did not file an EAJA fee application because he considered the government's position in this litigation to be "substantially justified"; therefore, the Court would be entitled to deny any request for EAJA fees. (Doc. 40; *see* 28 U.S.C. § 2412(d)(1)(A) (fees shall not be awarded to a prevailing party where "the court finds that the position of the United States was substantially justified").

Counsel has shown reasonable justification for not submitting an EAJA fee application in this matter. Plaintiff should be awarded the full $20,540.75 in fees requested under § 406(b)(1)(A) for the work counsel performed in federal court. However, the Court cautions

counsel that going forward, counsel should apply for fees under the EAJA in cases that present a closer question as to whether the government's position is "substantially justified."

The Court therefore **RECOMMENDS** that plaintiff's § 406(b) motion for attorney fees (Doc. 37) be **GRANTED** and that counsel be **AWARDED** $20,540.75 in fees.

Date: 11/9/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMANDA L. WALTERS,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:14-cv-481
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).